OPINION OF THE COURT
John G. Connor, J.
The essential facts are not in dispute. Petitioner is a Dela *942 ware corporation authorized to do business in this State. For its fiscal years ending June 30, 1977 and June 30, 1978 petitioner reported a net operating loss on its corporate franchise taxes. Those losses were carried back to petitioner’s fiscal years which ended in 1974 through 1976. The carry back of losses correspondingly entitled petitioner to a tax refund for the fiscal years ending in 1974 through 1976. Respondent paid the corporate tax refunds claimed by petitioner. The amounts of those refunds are not in dispute here.
At issue here is the amount of interest paid by respondent on the refunds. Essentially, respondent contends that interest on the refunds is due only for an 18-month period commencing on the close of the year in which the tax loss carried back was incurred. Petitioner argues that it is entitled to interest on the refunds for the period commencing on the close of the tax year in which the loss to be carried back was incurred, and running until a date no earlier than 30 days before the refunds corresponding to the carried-back losses are paid (Tax Law § 1088 [a]). By its own computations, petitioner contends that it is entitled to an additional $56,565.14 in interest on the refunds recovered. Resolution of the issue depends on the construction of various provisions of the State Tax Law and respondent’s regulations. Petitioner sought administratively to obtain a refund of the additional interest that it claims is due. By letter dated June 22, 1983, the State Department of Taxation and Finance denied petitioner’s request for additional interest. That determination was affirmed by respondent in a decision dated November 7, 1985. The instant proceeding ensued.
Before addressing the particular aspects of the State statutes at issue here, a brief overview of the pertinent Federal tax code provisions dealing with net operating loss carry-backs is helpful. The State statutes at issue require a basic background as to the operation of the Federal Internal Revenue Code carry-back provisions.
26 USC § 172 (b) is the operative provision permitting taxpayers to carry back net operating losses. 26 USC § 6511 (a) generally provides a Statute of Limitations of three years for the filing of a refund claim from the date the return was filed, or two years from the date the tax was paid, whichever period is longer. In regard to net operating loss carry-backs, 26 USC § 6511 (d) (2) (A) provides that "in lieu of the 3-year period of limitation prescribed in subsection (a) [26 USC § 6511 (a)], the *943 period shall be that period which ends 3 years after the time prescribed by law for filing the return (including extensions thereof) for the taxable year of the net operating loss”. In other words, under 26 USC § 6511, a taxpayer has three years after the statutory date for filing each of the tax returns for the fiscal years in which a net operating loss is incurred to claim a refund due by the application of the net operating loss carry-backs to prior tax years.
Notwithstanding the Statute of Limitations of 26 USC § 6511, the Internal Revenue Code provides a benefit to corporate taxpayers which claim net operating loss carry-backs. 26 USC § 6411 basically enables the taxpayer to utilize an expedited refund process, referred to as a tentative carry-back adjustment, within one year following the close of the tax year in which the net operating loss is incurred. If the taxpayer utilizes this procedure, the Internal Revenue Service has 90 days within which to review the taxpayer’s tentative carry-back adjustment application (26 USC § 6411 [b]). Absent any errors, the taxpayer either receives a refund resulting from the tentative carry-back adjustment, or is credited with that amount against any taxes then owed by the taxpayer. It is important to note that the 26 USC § 6411 "quick refund” procedure is optional rather than mandatory. Although the quick refund procedure has obvious immediate benefits, the taxpayer who does not utilize it is still entitled to file an amended return and refund application to reflect a net operating loss carry-back within the three-year limitations period of 26 USC § 6511 discussed supra. Also, any tentative carry-back adjustment (quick refund) obtained by the taxpayer under 26 USC § 6411 is still subject to a complete review by the Internal Revenue Service within the same three-year limitation period of 26 USC § 6511, and may result in a deficiency claim against the taxpayer if the original 26 USC § 6411 tentative carry-back adjustment was overstated (see, 5 Rabkin and Johnson, Federal Income, Gift and Estate Taxation §§ 73.09, 73.10 [1]; § 76.01 [1]).
Tax Law § 208 (9) (f) generally permits a corporate taxpayer to carry back a net operating loss to previous tax years on State franchise taxes as is permitted under the Federal Internal Revenue Code as to corporate income taxes. As respondents seem to correctly state, Tax Law § 208 (9) (f), standing alone, would not entitle petitioner to claim a net operating loss carry-back. Petitioner, as a member of an affiliated group of corporations, files a consolidated return for Federal tax *944 purposes. Hence, petitioner could not, as a single taxpayer, claim a net operating loss carry-back for Federal tax purposes.
For State tax purposes, however, petitioner is required to file an individual franchise tax return separate from any of its affiliates with which it files a consolidated Federal tax return. Since the language of Tax Law § 208 (9) (f) permits a net operating loss carry-back as allowed under 26 USC § 172 (b), petitioner would apparently be unable to take the carry-back for State tax purposes simply because of its differing filing status for Federal and State tax purposes. As respondent points out, the State Department of Taxation and Finance promulgated the regulation codified at 20 NYCRR 3-8.1 (a) to remedy this inequity created by Tax Law § 208 (9) (f) when a taxpayer, such as petitioner, files a consolidated Federal tax return, but on individual State tax return. 20 NYCRR 3-8.1 (a), in pertinent part, provides: "A corporation which reports as part of a consolidated group for Federal income tax purposes but on a separate basis for purposes of article 9-A computes its net operating loss and its net operating loss deduction as if it were filing on a separate basis for Federal income tax purposes.” It is respondent’s application of this regulation in conjunction with the Tax Law provisions governing the payment of interest on refunds due from net operating loss carry-backs which is at issue here.
Tax Law § 211 (3) requires that any taxpayer reporting for State franchise tax purposes notify respondent of any recomputation of its Federal taxes within 90 days after the final determination of the change. As to any Federal allowance of a tentative net operating loss carry-back adjustment pursuant to 26 USC § 6411 as discussed supra, Tax Law § 211 (3) has a specific requirement for reporting that change to respondent. In pertinent part, Tax Law § 211 (3) provides: "The allowance of a tentative carryback adjustment based upon a net operating loss carryback * * * pursuant to section sixty-four hundred eleven of the internal revenue code of nineteen hundred fifty-four, as amended, shall be treated as a final determination for the purposes of this subdivision. Any taxpayer filing an amended return with such department [United States Treasury Department, Internal Revenue Service] shall also file within ninety days thereafter an amended report with the tax commission.” It is evident that a corporate taxpayer obtaining a quick refund via the tentative carry-back adjustment procedure of 26 USC § 6411 must notify respondent of any such adjustment within 90 days of the Federal determination. *945 Although, as discussed supra, a 26 USC § 6411 tentative carry-back adjustment is subject to further scrutiny by the Internal Revenue Service, it is treated as a final determination for the reporting requirements of Tax Law § 211 (3).
Tax Law § 1087 (a), (c), (d) provides the period of limitations for refunds claimed because of net operating loss carry-backs. As to interest on such claims, Tax Law § 1087 (c) provides, in pertinent part, "If the report or amended return required by subdivision three of section two hundred eleven * * * is not filed within the ninety-day period therein specified, interest on any resulting refund or credit shall cease to accrue after such ninetieth day.”
In regard to petitioner’s refunds from net operating loss carry-backs, respondent held that Tax Law § 211 (3) and § 1087 (c) imposes a requirement that a notice of claim for a refund due to a net operating loss carry-back be filed with respondent within 18 months following the close of the tax year in which the net operating loss was sustained. Respondent computes the 18-month period by taking the 12-month period in which a corporate taxpayer has to utilize the quick refund procedure of a tentative carry-back adjustment under 26 USC § 6411 (a), plus the maximum 90 days in which the Internal Revenue Service has to examine such an application pursuant to 26 USC § 6411 (b), plus the maximum 90-day period of Tax Law § 211 (3) for reporting any such adjustment in Federal taxes to respondent.[1] Respondent defends its position by arguing that since 20 NYCRR 3-8.1 puts corporate taxpayers such as petitioner[2] on parity with corporate taxpayers which file separate returns for both Federal and State taxes, and the "vast majority” of corporate taxpayers utilize the quick refund provisions of 26 USC § 6411, it is not unreasonable to interpret 20 NYCRR 3-8.1 to bring petitioner within the 18-month reporting requirement which prevails for taxpayers utilizing 26 USC § 6411. Petitioner did not file a notice of refund within the 18 months following the close of its tax years in which net operating losses were sustained, and respondent held that the accrual of interest ceased after such time.
Petitioner disputes respondent’s interpretation and applica *946 tion of 20 NYCRR 3-8.1 and Tax Law § 211 (3); § 1087 (c). Essentially, petitioner argues that there is no legal basis for respondent’s determination that an 18-month reporting requirement be imposed upon petitioner where it does not utilize the 26 USC § 6411 quick refund procedure for a tentative carry-back adjustment. The court agrees.
Tax Law § 211 (3) by its very language has specific reporting provisions relating to taxpayers utilizing the 26 USC § 6411 procedure. It is undisputed that petitioner did not utilize that procedure, nor was it required to since, as discussed supra, 26 USC § 6411 is an optional procedure for taxpayers to obtain an expeditious recovery of a refund due to a net operating loss carry-back. 20 NYCRR 3-8.1 properly places corporate taxpayers such as petitioner on parity with other taxpayers by enabling them to claim net operating loss carry-backs in regard to State taxes under Tax Law § 208 (9) (f); but that regulation does not specifically enable respondent to impose the statutorily created filing requirements of Tax Law § 211 (3), and corresponding interest limitations of Tax Law § 1087 (c) for corporate taxpayers utilizing the 26 USC § 6411 procedure upon those corporate taxpayers which choose not to utilize the procedure.
Assuming, arguendo, that respondent is correct in stating that the "vast majority” of corporate taxpayers use the tentative carry-back procedure of 26 USC § 6411 thereby bringing them within the State’s 18-month limitation for interest accrual on refunds pursuant to Tax Law § 211 (3) and § 1087 (c), that mere fact alone cannot justify respondent’s imposition of those same limitations upon taxpayers who do not utilize the tentative carry-back procedure of 26 USC § 6411. Conspicuously absent from respondent’s brief is any indication as to how the so-called minority of corporate taxpayers are treated who report on an individual basis for both Federal and State tax purposes, and do not use the tentative carry-back adjustment option of 26 USC § 6411. Since such taxpayers are entitled to claim the net loss carry-backs pursuant to Tax Law § 208 (9) (f) without the aid of 20 NYCRR 3-8.1 (a), pursuant to Tax Law § 211 (3) they presumably only have to notify respondent of any Federal tax change due to carry-backs within 90 days of the final Federal determination thereof. Because such a taxpayer does not utilize 26 USC § 6411, the final Federal tax determination seemingly would be after an amended tax return is filed for the tax years to which the net operating *947 losses are carried back and the Internal Revenue Service accepts the same and issues a refund.
Common experience indicates that such a procedure is likely to take much longer than the Tax Law § 211 (3) maximum 18-month period for reporting a Federal tax change due to the net operating loss carry-backs if the tentative carry-back adjustment procedure of 26 USC § 6411 is used. Of course, all the time the taxpayer awaits a final Federal tax determination so as to enable him to obtain a State net operating loss carry-back, the State has the use of the refund money to which the taxpayer is ultimately entitled. Presumably, Tax Law § 1088 (a) requires interest to be paid by the State for such period until the refund is made. Although respondent implicitly admits the existence of corporate taxpayers which choose not to utilize 26 USC § 6411 tentative carry-back adjustment procedure, respondent fails to explain why petitioner should not be treated as such under 20 NYCRR 3-8.1 (a) that places petitioner in parity with such corporate taxpayers which file separate rather than consolidated returns for both Federal and State tax purposes. Rather, respondent seeks to treat petitioner as if it had utilized the tentative carry-back adjustment of 26 USC § 6411 which is clearly not the case.
Respondent’s reference to Tax Law § 1088 (d) does not support its position. The Legislature amended Tax Law § 1088 (d) so as to create the 18-month interest accrual limitation on net operating loss carry-back refunds claimed by subchapter s corporations (26 USC § 371). Respondent argues that its interpretation and application of 20 NYCRR 3-8.1 (a) and Tax Law § 211 (3) and § 1087 (c) at issue here reflects the legislative intent evidenced by Tax Law § 1088 (d) to impose such an 18-month interest accrual limitation on all corporate taxpayers claiming refunds due to net operating loss carry-backs. This argument is unconvincing. If anything, the amendment of Tax Law § 1088 (d) supports the view that if such a blanket imposition of an 18-month interest accrual limitation was intended, the same could have been passed by the Legislature. Instead, Tax Law § 1088 (d) was limited exclusively to sub-chapter s corporations.
In conclusion, the court finds that respondent’s determination lacks a rational basis as being contrary to the applicable laws. Accordingly, respondent’s determination dated November 7, 1985 must be annulled and the matter remitted to respondent for a calculation of the proper amount of interest due to petitioner on the refunds at issue here. Petitioner is *948 granted costs of $25 (CPLR 8101, 8201 [1]) and is directed to submit a bill of taxable disbursements (CPLR 8301) for the court’s review upon submission of a proposed judgment.

. Although referred to an 18-month period, the actual period is 12 months and 180 days. For the sake of brevity, the 18-month reference shall be used.

. Recall that petitioner files a consolidated return for Federal tax purposes, but a separate return for State tax purposes.